















JPP    9/11/00    10:55

3:00-CV-01825    STEIN V. TRANS UNION CORP

*1*

*CMP.*



1   **JEFFREY & DREHER, L.L.P.**
John W. Jeffrey (CSB No. 59548)
2   Robert Scott Dreher (CSB No. 120527)
Matthew R. Miller (CSB No. 194647)
3   225 Broadway, 19th Floor
San Diego, California 92101
4   Telephone (619) 230-8828

5   Attorneys for Plaintiff

6

7

8                 **UNITED STATES DISTRICT COURT**

9             **SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 10   RANDALL J. STEIN, an individual, on behalf of | Case No. **00 CV 1825 E (LSP)** |
| 11   himself and all others similarly situated | **COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT,** |
| 12             Plaintiff, | **15 U.S.C.; §1681 ET SEQ; INVASION OF PRIVACY; AND** |
| 13   vs. | **VIOLATIONS OF CALIFORNIA BUSINESS & PROFESSIONAL CODE** |
| 14   TRANS UNION CORPORATION, | **§17200 ET SEQ** |
| 15             Defendant. | CLASS ACTION |
| 16 | Jury Trial Demanded |

17                        <u>**INTRODUCTION**</u>

18       1.    This is an individual and class action brought on behalf of

19   Plaintiff and a class of all persons in the United States whose personal

20   credit information was unlawfully disclosed by Defendant Trans Union

21   Corporation.

22       2.    Defendant, Trans Union Corporation, gathers and collects

23   information on consumers and sells credit reports and credit information

24   throughout the United States. It is one of the largest credit reporting

25   agencies in the United States. As such, it is subject to the provisions

26   of, among other things, the Fair Credit Reporting Act ("FCRA"), 15

27   U.S.C. §1681 *et seq.*



28

3.    This action involves the unlawful business acts and practices of Defendant under state and federal laws in disclosing and selling the private financial, credit, and other confidential information of millions of U.S. residents and consumers to third-parties, which information constitutes a "consumer report" under the FCRA.  Trans Union discloses and sells this information to companies who engage in so-called "target marketing," without each consumer's knowledge or consent, and in violation of the FCRA and Plaintiff's rights to privacy.

4.    Class Plaintiff seeks relief from this Court on behalf of all U.S. residents similarly situated to redress the systematic practice of unlawful conduct engaged in by Trans Union in profiting from the disclosure of private consumer information.

5.  On December 15, 1992, the FTC filed an administrative complaint alleging that Trans Union violated sections 604 and 607 (a) of the FCRA by:

> compil[ing], for sale to clients, lists of consumers, based in whole or in part of information contained in its consumer reporting database bearing on the characteristics enumerated in Section 603, thereby creating consumer reports, and provid[ing] such consumer reports in the form of target marketing lists to persons that do not intend to make a firm offer of credit to all those consumers' on the list and who intend to use the information for purposes not authorized under [the FCRA].

*In re Trans Union Corporation*, 116 F.T.C. 1334, 1336 (1993)

6.    After seven years of administrative and appellate review, the FTC determined:

> Trans Union's target marketing lists are indeed consumer reports under the FCRA because they contain information that bears on the factors set forth in Section 603(d)(1) and is used or expected to be used as a factor in determining a consumers eligibility for credit.  By selling these lists to target marketers without a permissible purpose, Trans Union violates the FCRA.   This conclusion applies to Trans Union's Mater File/Selects; proprietary models; and TransLink/reverse append products.

2

1  Trans Union's disclosure to target marketers of information on the
existence of a tradeline violates the FCRA.  Further, Trans
2  Unions's disclosure in its target marketing products of other
information, such as the existence of a type of tradeline, open
3  date of tradeline, home equity information, and income estimations,
among other list criteria described above, also violates the Act.

4

5  **THE PARTIES**

6  7.  Plaintiff Randall J. Stein is a resident of San Diego,

7  California, and an individual who has been harmed, within the meaning of

8  Article III of the United States Constitution, Article I section I of

9  the California Constitution, and the FCRA, in that Stein's name,

10  address, and credit information have been and continue to be within

11  Trans Union's large consumer database called Master File, and whose

12  name, address and credit information was repeatedly misappropriated, and

13  sold by Trans Union to third parties, for at least the last several

14  years, in violation of the FCRA and his rights to privacy.

15  8.  Defendant Trans Union is a Delaware corporation whose

16  principal place of business is located at 555 West Adams Street, Chicago

17  Illinois, 60661.  Trans Union conducts business in each state of the

18  United States and does substantial business in the Southern District of

19  California.

20  **JURISDICTION AND VENUE**

21  9.  This Court has jurisdiction over this action pursuant to the

22  Fair Credit Reporting Act, 15 U.S.C. § 1681p and 28 U.S.C. §1331, as it

23  arises under the consumer credit laws of the United States set forth in

24  the FCRA, 15 U.S.C. § 1681, *et seq.*, and under 28 U.S.C. § 1331.  Venue

25  as to Defendant and others is proper in San Diego , California, as a

26  substantial number of the acts giving rise to this action occurred, and

27  continue to occur within the Southern District.

28

3

1    10.   The Court has supplemental jurisdiction over the claims based

2    on violations of privacy rights violations under Article I section I of

3    the California Constitution, and the California Business and Professions

4    Code § 17200 et seq. claims as those claims are joined with related

5    claims under the FCRA and/or claims over which this Court has

6    jurisdiction under 28 U.S.C §1367.

7    11.   The Court has personal jurisdiction over Defendant Trans Union

8    because Trans Union conducts substantial business in the Southern

9    District.

10                          **CLASS ACTION ALLEGATIONS**

11    12.   This action is brought, and may properly be maintained, as a

12    class action pursuant to the provisions of the Federal Rules of Civil

13    Procedure, Rule 23(a)(1)-(4) and 23(b)1-(3).   Plaintiff seeks

14    certification of a class on behalf of all persons whose personal credit

15    information was unlawfully used by Defendant as alleged herein.

16    13.   Excluded from the putative class are Defendant Trans Union

17    and any person or other entity employed by, related to, or affiliated

18    with Defendant.   Also excluded from the Class are any persons who

19    expressly consented in writing for each and all of the disclosures or

20    sales of their private credit, financial or other private or

21    confidential information by Trans Union and the Doe defendants.

22    14.   The Class includes all current or former residents of the

23    United States whose private credit, financial, or other private

24    information was unlawfully furnished by Trans Union to any third party

25    by means of its target marketing products.

26    ///

27    ///

28

4

**FACTUAL ALLEGATIONS**

15.  Trans Union is a credit reporting agency ("CRA") that has collected financial data on more than 150 million American consumers. Congress enacted the FCRA to protect consumers' entitlement to the privacy of such data.  The Act prohibits CRAs from disclosing such data except as permitted by FCRA § 604.  Trans Union ignored the statute and sold confidential credit information about Plaintiff and other Class members to "target marketers". Defendant did so intentionally and without the knowledge or consent of the proposed Class members.  While other CRA's obeyed FCRA enforcement actions by the Federal Trade Commission, Trans Union disregarded the FTC and willfully violated the Act, thereby giving it substantial competitive advantage over other CRAs.

16.  FCRA § 604 limits the circumstances under which a CRA may disclose a "consumer report". FCRA § 607 requires CRAs to maintain reasonable procedures to ensure that CRAs furnish consumer reports for the purpose set forth in § 604.

17.  The FCRA does not permit the transfer of consumer reports to assist third parties in targeting individuals through marketed products.

18.  Section 604 permits a CRA to furnish consumer reports only to a person that the CRA believes will use it for "permissible purposes": These include: the extension of credit; § 604 (a)(3)(A); (2) employment purposes §604(a)(3)(B); (3) underwriting of insurance § 604 (a)(3)(C); (4) determination of license eligibility § 604 (a)(3)(D); (5) risk assessment for an existing credit obligation § 604 (a)(3)(E); and (6) legitimate business need for the information in connection with a transaction initiated by the consumer.

5

19.   Remedies include per FCRA, Title 15, Section 1681n:

(A)ny person who willfully fails to comply with any requirement imposed under this subchapter with respect to that consumer is liable to that consumer in an amount equal to the sum of:

(1)(A) any actual damages sustained by the consumer as a result of the failure or damages not less than $100 and not more than $1000;

(B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or damages not less that $100 and not more than $1000, whichever is greater;

(2) Such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorneys fees as determined by the court.

20.   In addition, Title 15 section 1681o provides, in part, the following:

(a)ny person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of:

(1)any actual damages sustained by the consumer as a result of the failure;

(2)in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney fees as determined by the court.

21.   Trans Union is and has been engaged in the practice of obtaining information on consumers for the purpose of furnishing consumer reports to subscribers for fees.

22.   Target marketing permits a vendor of lists like Trans Union to identify from a large list certain select people who fit a desired profile.

///

///

6

23. Trans Union intentionally sells confidential consumer reports to target marketers, spearheaded through a consumer reporting database named CRONUS. CRONUS contains information on more than 150 million people, and is updated regularly.

24. CRONUS also compiles identifying information on consumers from numerous sources to establish "tradelines".

25. A tradeline is identified in CRONUS by the name of the credit grantor and the account number and it reveals credit limits, payment patterns, payment history, and the present status of the account. Defendant's credit reports may also include demographic information, tradeline information and public record information.

26. The Defendant continuously refines the collected information and bundles it into smaller units called "indicators" or "selects", much of the information coming from CRONUS.

27. Trans Union's marketing customers can choose from a menu of "selects" and request a fine-tuned list of consumers' names and addresses.

28. Defendant sells these lists for one-time use by its customers either by rental or license and charges a "base price" per thousand names. "Selects" offered by Trans Union include: bankcard or retailer "hotline" consumers age, estimated household income; children; working women; length of residence; zip code; and persons who have responded to mail order solicitations. The choices and/or combinations are nearly limitless dependant only upon the current information known by defendant and the imagination of the marketer.

29. Trans Union has intentionally, knowingly, and/or negligently

7

violated the FCRA by, among other things: 1) transferring target
marketing lists that contain information that bears on the factors set
forth in Section 603 (d)(1) and is used or expected to be used as a
factor in determining a consumer's eligibility for credit; 2)
transferring these lists to target marketers without a permissible
purpose, including lists or information generated by Trans Union's
Master File/Selects process, its proprietary models, the; 3) disclosing
the existence of trade lines to target marketers; and 4) disclosing
other information, such as the existence of a type of tradeline, open
date of tradeline, home equity information, and income estimations to
target marketers.

30.  Trans Union has used its special position as a CRA to profit
from its unlawful activity.  As a CRA, Trans Union enjoys a tremendous
advantage as a target marketer.  Defendant uses consumer information for
CRONUS to create two primary databases called the Master File and the
Standard Characteristics database.

31.  Trans Union's use of CRONUS information gives it a competitive
advantage because CRONUS information is substantially more useful than
data collected by non-CRA target marketers.

32.  Upon information and belief, Plaintiff alleges that Defendant
continues to violate the FCRA.

**FIRST CLAIM FOR RELIEF**
(Declaratory Relief Under 28 U.S.C. § 2201
For Violation Of the FCRA, 15 U.S.C. § 1681 et seq.,

33.  Plaintiff repeats and realleges each and every allegation set
forth in paragraphs 1 through 32 above as though fully set forth herein.

34.  The disclosure by Trans Union to its third party customers

8

that a consumer possesses one or more current and/or active tradelines in connection with the sale, lease, and/or rental of target marketing lists, constitutes a "consumer report" within the definition of 15 U.S.C. § 1681a(d).

35.   The sale, lease and/or rental by Trans Union of target marketing lists to its customers which disclosed a consumer's open date of loans constitutes a "consumer report" within the definition of 15 U.S.C. § 1681a(d).

36.   Trans Union did not have a permissible purpose under 15 U.S.C. § 1681b of the FCRA to sell, lease and/or rent consumer reports to its customers for target marketing purposes.

37.   Trans Union's disclosure and/or sale of the foregoing consumer reports violated, and continues to violate, the FCRA, 15 U.S.C. § 1681 et seq., including 15 U.S.C. § 1681b thereof.

38.   Pursuant to 28 U.S.C. §§ 2201 and 2202, the Court should declare that Trans Union has violated, and continues to violate, the FCRA.

**SECOND CLAIM FOR RELIEF**

(Noncompliance With the FCRA, 15 U.S.C. §§ 1681b and 1681n by)

39.   Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 38 above as though fully set forth herein.

40.   Trans Union's disclosure and/or sale of consumer reports as alleged herein was not, and is not, for a "permissible purpose" under the FCRA, 15 U.S.C. § 1681b.

41.   Trans Union's past and present acts of disclosure and/or sale of consumer reports as alleged herein were intentional and knowing, and are acts committed by Trans Union in conscious disregard for the rights

9

of Plaintiff and other members of the Class, and constitute multiple willful failures to comply with the requirements of the FCRA under 15 U.S.C. § 1681n.

42.   As a result of Trans Union's unlawful conduct as alleged herein, and its willful failure to comply with the requirements of the FCRA, Plaintiffs and members of the Class are each entitled to a minimum of $100, and a maximum of $1,000, in statutory damages, plus any actual damages, punitive damages, equitable and injunctive relief, costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681, *et seq.*

**THIRD CLAIM FOR RELIEF**
(Invasion of Privacy and Misappropriation
By Plaintiffs Against All Defendants)

43.   Plaintiff repeats and realleges each and every allegation set forth in paragraph 1 through 42 above as though fully set forth herein.

44.   Plaintiff and members of the Class have a legally protected privacy interest in their private and confidential credit, financial and other information, and Plaintiffs and members of the Class have a reasonable expectation of privacy in such information.

45.   Trans Union intentionally and knowingly misappropriated, disclosed and sold the private financial, credit, and other confidential information of Plaintiffs and other members of the Class without their knowledge or consent.

46.   The privacy rights of Plaintiffs and other members of the Class have been violated, and Plaintiffs and other members of the Class have been damaged and injured in an amount to be determined at trial.

**FOURTH CLAIM FOR RELIEF**

(California Business and Professions Code Section 17200 et seq.)

47.   Plaintiff repeats and realleges each and every allegation set

10

1  forth in paragraph 1 through 46 above as though fully set forth herein.

2      48.  The acts complained of herein constitute unfair, unlawful, or

3  fraudulent business practices under the Act.

4      49.  As a direct and proximate result of the aforementioned acts,

5  and unfair business practices, Plaintiff and the Class have been damaged

6  in an amount to be proven at trial.

7      50.  Pursuant to section 17203, Plaintiff and the Class are

8  entitled to disgorgement of the unjust enrichment obtained by the

9  defendants.

10                        **PRAYER FOR RELIEF**

11     1.  That the Court certify the action as a class action.

12     2.  That the Court declare Trans Union's disclosure and sale of

13  credit information, as alleged herein, constitutes the unlawful

14  disclosure of a "consumer report" as the term is used in the FCRA, and

15  that Trans Union's conduct as alleged herein was in willful violation

16  of the FCRA;

17     3.  Awarding Plaintiff and members of the Class damages on the

18  Second, Third, and Fourth Claims for Relief in an amount to be

19  determined at trial, and awarding Plaintiff and members of the Class

20  statutory damages as provided for by the FCRA;

21     4.  Awarding Plaintiff and members of the Class punitive damages

22  under section 1681n of the FCRA on the Second Claim for Relief;

23     5.  Awarding Plaintiffs and members of the Class injunctive

24  and/or equitable relief on all Claims for Relief as follows: (a)

25  prohibiting Trans Union from engaging in further violations of the

26  FCRA as alleged herein; (b) requiring Trans Union to restore or

27  disgorge to Plaintiffs and other members of the Class all of the

28

                              11

revenue it received from the unlawful misappropriation and sale of the

1  private financial, credit, and other confidential information of

2  Plaintiffs and other members of the Class in an amount to be

3  determined at trial.

4      7.    Awarding Plaintiffs and members of the Class the costs and

5  expenses incurred in this action, including expert fees and the

6  reasonable attorneys' fees incurred by their counsel in the

7  prosecution and resolution of this action;

8      8.    Pre- and post-judgment interest; and

9      9.    Granting such other and further relief as the Court may deem

10 just and proper.

11 Dated:    September 8, 2000              Respectfully submitted,
                                            JEFFREY, & DREHER, LLP
12

13                                    By: _____

14                                         John W. Jeffrey
                                           Robert Scott Dreher
15                                         Matthew R. Miller
   M:\JD\CASES\15\transunion2

16

17

18

19

20

21

22

23

24

25

26

27

28

                              12

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| RANDALL J. STEIN, an individual, on behalf of himself and all others similarly situated | TRANS UNION CORPORATIOn<br><br>'00 CV 1825 E (LSP) |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED San Diego<br>PLAINTIFF<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT<br>(IN U.S. PLAINTIFF CASES ONLY)<br><br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>JEFFREY & DREHER, L.L.P.<br>John W. Jeffrey (CSB No. 59548)<br>225 Broadway, 19th Floor<br>San Diego, CA 92101 | ATTORNEYS (IF KNOWN) |
|---|---|

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX
(For Diversity Cases Only) FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).
Alleged violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. Plaintiff alleges that Trans Union sold, and continues to sell private credit and other personal information to target marketers

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury-Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| | | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ 160 Stockholders Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | | |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prisoner Conditions | | | |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appelate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

| VII. REQUESTED IN COMPLAINT: | ☒ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 | DEMAND $ | Check YES only if demanded in complaint:<br>JURY DEMAND: ☒ YES ☐ NO |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY (See Instructions): | JUDGE See Attached Service List | Docket Number |
|---|---|---|

DATE 9/8/00

SIGNATURE OF ATTORNEY OF RECORD

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

AO 63815 - 8/50 oo

Attachment of related cased to *Stein v. Trans Union Corporation*:

| | | |
|---|---|---|
| Gogerty v. Trans Union Corp. | 00C-1665 | Northern District of Illinois |
| Woods v. Trans Union Corp. | 00-256 | Southern District of Illinois |
| Turner v. Trans Union Corp. | 00-232 | Southern District of Illinois |
| Winkelmann v. Trans Union Corp. | 8:99-398 | District of Nebraska |
| Martinelli v. Trans Union Corp. | C-99-1867 | Northern District of California |
| Kearley v. Equifax, Inc. | 2:00-225 | Middle District of Alabama |
| Comstock v. Trans Union, LLC. | 2:00-518 | District of Arizona |
| Feige v. Trans Union Corp. | 00-CIV-2621 | Southern District of New York |
| Rozenblitt v. Trans Union Corp | 00-CV-1861 | Eastern District of Pennsylvania |
| Payne v. Trans Union Corp | 00C 3292 | Northern District of Illinois |

These cases are consolidated under MDL 1350, U.S. District Court, Northern Division of Illinois, Eastern Division before the Honorable Marvin Aspen